IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEMETRIO REYES CRESPIN,

    Plaintiff,

 v.                                                                                    No. CIV 14-0476 RB/SCY

BERNALILLO COUNTY,
DAN HUSTON,
RAMON C. RUSTIN,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff and a number of other inmates at the Bernalillo County Metropolitan Detention Center ("MDC") were transferred to a facility in Texas as part of the County's efforts to reduce overcrowding. Plaintiff alleges that he was not allowed to contact his attorney or family before the transfer. He complains of being shackled and denied restroom breaks during transport, although he acknowledges that the bus had a toilet. Plaintiff was a pretrial detainee, and the transfer allegedly deprived him of access to the courts. The complaint also asserts a claim against the County for failure to train its employees. Plaintiff contends that Defendants' actions violated a number of his constitutional rights, and he seeks damages.

Plaintiff's allegations about the transfer itself do not support constitutional claims. First, "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n. 3 (10th Cir. 1992); *quoted in Cabrera v. Trammell*, 488 F. App'x 294, 295 (10th Cir. 2012). Furthermore, as unpleasant as the transport may have been, Plaintiff's allegations do not state a claim of unconstitutional conditions during the trip. Nothing less than the " 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), and *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff's complaint does not allege that the named individual Defendants disregarded a known excessive risk to his health and safety. His claims of illegal transfer and Eighth Amendment violations will be dismissed.

Also, Plaintiff's factual allegations do not support his claim of denial of access to the

courts.  He alleges only that the transfer "made [it] more difficult for me to fight and prepare for trial."  Plaintiff does not assert that Defendants' actions led "directly and inextricably . . . to the adverse disposition of his underlying case," *Simkins v. Bruce*, 406 F.3d 1239, 1244 (10th Cir. 2005) (citation omitted), and thus his difficulties did not amount to a "relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  The Court will dismiss Plaintiff's claim of denial of access to the courts.

And last, because Plaintiff's allegations do not state claims of constitutional violations by employees of Defendant Bernalillo County, his claim against the County for failure to train must be dismissed.  "It is well established . . . that a municipality cannot be held liable under section 1983 for the acts of an employee if . . . the municipal employee committed no constitutional violation."  *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998), *quoted in Hawker v. Sandy City Corp.*, No. 13-4139, 2014 WL 6844928, at *5 (10th Cir. Dec. 5, 2014).  The Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that the initial partial filing fee payment is WAIVED, Plaintiff's complaint is DISMISSED with prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE